FRIEDLAND v. COMMONWEALTH FIRE INS. CO. OF OTTUMWA, IOWA.

(Supreme Court, Appellate Division, Second Department.  March 3, 1911.)

1. INSURANCE (§ 20*)—FOREIGN COMPANIES—INSURANCE LAW—CONSTRUCTION.
    Insurance Law (Consol. Laws 1909, c. 28) § 137, authorizes the Superintendent of Insurance to issue licenses permitting persons to act as agents to procure policies of fire insurance from corporations not authorized to do business within the state on affidavits that insured is unable to procure sufficient insurance from companies authorized to do business in the state, and declares that all other policies issued by companies not authorized to do business shall be invalid.  *Held*, that such section does not admit the unauthorized companies to the state or authorize them to transact an insurance business generally therein.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 20.*]

2. INSURANCE (§ 125*)—POLICY—WHAT LAW GOVERNS.
    Where a policy for surplus insurance on property in New York was obtained from defendant, a company not authorized to do business in New York, through a broker authorized to obtain the same, and the policy was dated, signed, and countersigned at Ottumwa, Iowa, the home office of the company, and on its face was an Iowa contract, and there was no proof that it was prepared in New York, or where it was delivered, or how the premium was paid, it would be regarded as an Iowa contract, and governed by the laws of that state.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 173–175; Dec. Dig. § 125.*]

3. INSURANCE (§ 138*)—WARRANTIES—VALIDITY—STATUTES.
    Code Iowa, § 1746, provides that any stipulation in a policy issued by a company doing business in that state that the insured shall maintain insurance to any extent or shall be an insurer of the property insured or shall bear any portion of the loss shall be void, and that no stipulation fixing the amount of liability or recovery under such policy with reference to prorating with other insurance shall be valid, except as to other valid and collectible insurance.  *Held*, that where defendant, an Iowa insurance company, not authorized to do business in New York, issued a surplus line policy through a broker authorized to obtain the same on property in New York, containing a provision that it was agreed that the loss would be settled on the same basis and in the same manner as might be agreed to by the N. Insurance Company, it being warranted that the same gross rate, terms, and conditions should apply, and that such company shall have during the currency of the policy at least $1,000 on the identical subject-matter and risk and in identically the same proportion on each separate part thereof, it was void under such section, and hence the fact that the N. Company had no insurance on the property was no defense to defendant's liability.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 138.*]

Appeal from Trial Term.

Action by Abram Friedland against the Commonwealth Fire Insurance Company of Ottumwa, Iowa.  On motion to set aside verdict. Motion denied and judgment directed for plaintiff, and defendant appeals.  Affirmed.

See, also, 136 App. Div. 6, 120 N. Y. Supp. 126.

The following is the opinion of Putnam, J., at Trial Term:

The defendant is a foreign insurance company not admitted in New York. The policy is what is known as "surplus line" insurance which may be procured from companies not admitted, by section 137 of the insurance law

(Laws 1909, c. 33 [Consol. Laws 1909, c. 28]). The policy is dated and counter-signed at Ottumwa, Iowa. It bears the following stamped clause: "It is hereby agreed and understood, that in case of loss under this policy and this company is not authorized to do business in the state of New York it will settle upon the same basis and in the same manner as may be agreed to by the Northern Insurance Company of England. Warranted same gross rate terms and conditions, as and to follow above mentioned company, and that said company has during the currency of this policy at least $1,000 on the identical subject-matter and risk, and in identically the same proportion on each separate part thereof."

The defendant resists liability on the ground that the insured had no policy in the Northern Insurance Company of England—thereby breaking a warran-ty, which it is claimed exists in the latter part of the above clause. This clause is very confused, but in it are mingled two dependent provisions. First, in favor of the assured entitling it to use against defendant any adjust-ment of loss made with the Northern Company which was especially valuable to the insured if the defendant should not be authorized to do business in New York, and therefore not to be readily reached here after a loss; second, that this insurance shall follow and be on same terms and conditions as those of the policy of this mentioned company, as otherwise an adjustment with it would not apply to defendant's policy.

[1] Apparently the liberty given in section 137 of the insurance law does not admit the insuring company to this state or authorize it to transact business therein. It allows citizens of the state to get insurance from un-authorized and unadmitted companies on certain conditions. Such agents, however, under section 137, are the agents of the insured, and not of the company (Opinions of Attorney General, 1893, p. 388). The defendant was not authorized to transact any business in this state, but in the special cir-cumstances pointed out insurance brokers were allowed to procure fire in-surance from it. Baker v. Spaulding, 71 Vt. 169, 42 Atl. 982.

[2] The policy, being dated, signed, and countersigned at Ottumwa, was on its face an Iowa contract. The secretary of defendant indeed gave evidence tending to show that such signatures had been made while the form was in blank, and that the policy had been finally completed by its agents in New York who had added the printed rider and this stamped clause. No direct proof, however, was given that such preparation of the policy was effected in New York, or where it was delivered or how the premium was paid. Con-sidering the public policy of this state regulating insurance and prohibiting outside companies from transacting business here so that this defendant, not being authorized to do business here, had therefore prepared its policy so as to represent it as completed in Iowa, it should now be bound by such repre-sentation. A local agent or placer was licensed to procure insurance from de-fendant, but defendant was not authorized to enter the state, maintain an agency in New York City, prepare and issue its policies there, and so transact the insurance business in New York, in defiance of law. Its policy purports to be an Iowa policy, and it should not escape therefrom, except by evidence of lawful acts under our law.

My conclusion is that the policy is an Iowa contract and subject to the pro-visions of sections 1743 and 1746 of the Code of Iowa, the latter of which is: "Sec. 1746: Other Insurance—Prorating. Any provision, contract or stipulation contained in any policy of insurance, issued by any insurance company, doing business in the state under the provisions of this chapter, providing or stipulating that the insured shall maintain insurance on any property covered by such policy to any extent, or shall to any extent be an insurer of the property insured in such policy, or shall bear any portion of the loss on the property insured, shall be void. No condition or stipulation in a policy of insurance fixing the amount of liability or recovery under such policy with reference to prorating with other insurance on property insured shall be valid, except as to other valid and collectible insurance, any agree-ment to the contrary notwithstanding."

[3] This legislation clearly forbids the warranty and disables the defend-ant from taking steps to enforce such an unauthorized clause. This court is bound to enforce the law of Iowa as that of the place of contract. Warrender v. Warrender, 2 Cl. & Fin. 488, 530; Equitable Co. v. Clements, 140 U. S. 226,

11 Sup. Ct. 822, 35 L. Ed. 497; N. Y. Life Co. v. Cravens, 178 U. S. 389, 20 Sup. Ct. 962, 44 L. Ed. 1116.

Should it be contended that insurance under section 137 is for such policies a limited authority to transact business within this state, so that, when an agent is licensed to go out and insure surplus lines, the insurer is permitted to come into the state and perfect its policy here, then it follows that the condition of the clause itself fails, as the stamped clause is predicated on the condition that the defendant is *not* authorized to do business in the state of New York. The warranty which follows is linked with this premise, and, if the premise falls, the obligation of the warranty should fall with it. The court should not extend the terms of such a warranty and free it from the condition to which it is plainly attached. In either view, therefore, the warranty is ineffective.

The contention that the Iowa statutes were not pleaded is without merit, because there was no occasion to plead them, except by a reply which defendant might have demanded. Cöde Civ. Proc. § 516. The stamped clause on the back of the policy was not raised by the answer. Whether a signature of the procuring agent was placed on it or not was no part of the contract, but, at most, was a notice of the way it had been procured, and the omission to comply with the notice could not avoid defendant's obligation.

Motion to set aside verdict is denied, and judgment therein directed for plaintiff.

J. Solon Einsohn, for plaintiff.
Edwin T. Taliaferro, for defendant.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion of Mr. Justice Putnam at Trial Term.

---

### H. KOEHLER & CO. v. ADAMS.

(Supreme Court, Appellate Term.   April 8, 1911.)

1. ACTION (§ 60*)—SEVERANCE OF ACTIONS.
    Code Civ. Proc. § 511, providing that, where an answer expressly or by not denying admits a part of plaintiff's claim to be just, the court may order the actions severed and judgment may be entered for plaintiff for the part so admitted, does not apply where the answer pleads a counterclaim for a greater sum than it admits to be due plaintiff.
    [Ed. Note.—For other cases, see Action, Dec. Dig. § 60.*]

2. ACTION (§ 60*)—SEVERANCE—REPLY TO COUNTERCLAIM—EFFECT—WAIVER.
    Where the answer admitted plaintiff's cause of action, but counterclaimed for more than it admitted to be due plaintiff, plaintiff did not waive any right, as the right to move for a severance, by replying to the counterclaim, that being a proper method of putting it in issue, since failure to reply would have conceded defendant's right to judgment thereon.
    [Ed. Note.—For other cases, see Action, Dec. Dig. § 60.*]

3. SET-OFF AND COUNTERCLAIM (§ 29*)—RIGHT TO COUNTERCLAIM.
    Plaintiff paid a judgment for $600 rendered for defendant, which was afterwards reversed, and defendant was ordered to repay the money, but did not do so, and an execution issued on the order and was not complied with, whereupon plaintiff brought the present action for $600. The answer admitted plaintiff's cause of action, and pleaded a counterclaim arising out of the same transaction and founded on a written instrument which formed the basis of the prior action against defendant. Plaintiff replied to the counterclaim and obtained an order severing the cause of action and directing judgment for him and staying prosecution of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes